UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENVIRONMENTAL OPERATORS, LLC | CIVIL ACTION |
| VERSUS | NO: 13-4844 |
| BYRD BROTHERS EMERGENCY SERVICES, LLC, ET AL. | SECTION: "A" (4) |

### ORDER SETTING ATTORNEY FEE AWARD

On March 14, 2014, the Court entered a judgment in favor of Plaintiff and against Defendants, awarding *inter alia* reasonable attorney's fees to be assessed by the Court upon motion of Plaintiff. (Rec. Docs. 26 & 27). Plaintiff now moves the Court to set attorney's fees in accordance with Federal Rule of Civil Procedure 54(d).[1]

Plaintiff seeks attorney's fees in the total amount of $17,511.25, which includes $3,250.00 in anticipated fees for the efforts that counsel must expend to collect the judgment in light of Defendants' default. Plaintiff was forced to actively litigate the matter for several months against highly competent defense counsel until those attorneys were required to withdraw. (Rec. Doc. 21). Plaintiff's counsel was present for and prepared to participate in a settlement conference and then later a pretrial conference with the Court with no cooperation from Defendants. Given Defendants' failure to cooperate as trial approached, Plaintiff was then forced to file an out-of-time dispositive motion which the Court granted. (Rec. Docs. 24

---

[1] The parties' Non-Hazardous Waste Disposal Agreement (Rec. Doc. 24-1, Exhibit B ¶ 12) provides that Plaintiff is entitled to collect attorney's fees for Defendants' default. Under Louisiana law, factors to be taken into consideration in determining the reasonableness of attorney's fees include: 1) the ultimate result obtained; 2) the responsibility incurred; 3) the importance of the litigation; 4) the amount of money involved; 5) the extent and character of the work involved; 6) legal knowledge and skill of the attorneys; 7) number of appearances made; 8) intricacies of the facts involved; 9) diligence and skill of counsel; and 10) the court's own knowledge. *Corbello v. Iowa Prod.*, 850 So. 2d 686, 709 (La. 2003) (citing *State, DOTD v. Williamson*, 597 So. 2d 439, 441-42 (La. 1992)).

& 26). Plaintiff's counsel obtained a judgment in the amount of $460,383.64 for their client by diligently and skillfully demonstrating their client's entitlement to that amount under the law. The Court finds the requested fees to be conservatively calculated, fully documented, and reasonable under the circumstances. *See Corbello, supra.*

Accordingly;

**IT IS ORDERED** that the **Motion for Award of Attorney's Fees (Rec. Doc. 28)** filed by Plaintiff is **GRANTED**. The award of attorney's fees included in the judgment entered on March 14, 23014 (Rec. Doc. 27) is set at $17,511.25.

May 5, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE